UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MICHAEL SHANE REID**                                                                                   **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 5:24-CV-P64-JHM**

**WESLEY CAMPBELL**                                                                                 **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court dismiss some claims and allow one claim to proceed.

### I.

Plaintiff Michael Shane Reid is incarcerated as a convicted prisoner at Christian County Jail (CCJ). Plaintiff sues CCJ Captain Wesley Campbell in both his official and individual capacities.

Plaintiff states that he was transferred to CCJ "as a state inmate with a custody level of 1 to be placed to work." He alleges that Defendant Campbell informed him that "he could not put me to work . . . because it was against policy to work inmates with holds." Plaintiff states that he contacted the Kentucky Department of Corrections (KDOC) and was told that no such policy exists. Plaintiff also alleges that several other inmates with "holds" are working at CCJ. Plaintiff states that when he asked the CCJ Jailer about his situation, the Jailer told him that "it's up to Captain Campbell whether he wants to work [you] or not." Plaintiff alleges that Defendant Campbell is discriminating against him because "I am not local and not known." Plaintiff states that Defendant Campbell's refusal to allow him to work is adversely affecting his ability to earn "good time" and state pay.

As relief, he seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a

pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claim

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Campbell is actually against his employer, Christian County. A municipality such as Christian County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff states that he was told by the CCJ Jailer that Defendant Campbell's decisions regarding which inmates could work were not based upon any CCJ policy but Defendant Campbell's discretion. Thus, Plaintiff's official-capacity claim against Defendant Campbell must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment 'prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.'" *Davis v. Detroit Pub. Schs. Cmty. Dist.*, 835 F. App'x 18, 22 (6th Cir. 2020) (quoting *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty. Ohio*, 430 F.3d 783, 788 (6th Cir. 2005)).

Plaintiff's claim does not implicate a fundamental right. Prisoners do not have a "constitutional right to a particular job or any job." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006). And Plaintiff does not allege that Defendant Campbell discriminated against him because he was a member of a suspect or quasi-suspect class. "[P]risoners are not a suspect class," *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), "nor are classifications of prisoners." *Mader v. Sanders*, 67 F. App'x 869, 871 (6th Cir. 2003). Thus, the Court construes the complaint as relying on the third type of discrimination – that others "similarly situated" received different treatment "without any rational basis for the difference." *Id*. "This is called a 'class-of-one' theory." *Id*. (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). "[T]he hallmark of [a class-of-one] claim is not the allegation that one individual was singled out, but rather, the allegation of arbitrary or malicious treatment not

4

based on membership in a disfavored class." *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012).

Upon consideration, <u>the Court will allow a Fourteenth Amendment equal-protection claim to proceed against Defendant Campbell under the "class-of-one" theory</u>. In allowing this claim to proceed, the Court passes no judgment on its merit or upon the ultimate outcome of this action.

### 2. Due Process

The Court also liberally construes the complaint as a asserting a claim under the Due Process Clause of the Fourteenth Amendment. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). As explained above, prisoners possess no constitutional right to prison employment. *See, e.g.*, *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."); *see also Duncan v. Anderson Cnty.*, No. 20-6044, 2021 U.S. App. LEXIS 9585, at *4 (6th Cir. Apr. 1, 2021) (affirming district court's conclusion that a prisoner failed to state a due process claim based on allegation that he could no longer earn good-time credits as a result of his job loss).

Thus, the Court concludes that any due-process claim must be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's official-capacity claim against Defendant Campbell and any Fourteenth Amendment due-process claim against him are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the development of the claim it has allowed to proceed.

Date: June 27, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendant Campbell
4414.011