UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

MICHAEL SHANE REID                                                    PLANTIFF

v.                                            CIVIL ACTION NO. 5:24-CV-P64-JHM

WESLEY CAMPBELL                                                      DEFENDANT

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the motion for summary judgment filed by Defendant Wesley Campbell (DN 17). The matter being fully briefed, the Court will grant the motion for the following reasons.

**I.**

Plaintiff Michael Shane Reid, a state prisoner housed at Christian County Jail (CCJ), sued Defendant CCJ Captain Campbell in both his official and individual capacities under 42 U.S.C. § 1983 (DN 1). Plaintiff's verified complaint explained that he was transferred to CCJ "as a state inmate with a custody level of 1 to be placed to work." DN 1, PageID #: 4. He alleged that he requested to work, but Defendant informed him on February 2, 2024, that "he could not put me to work d[ue] to a hold." *Id*. He stated that he filed a grievance regarding Defendant's denial of his request, which Defendant denied because "it was against policy to work inmates with holds." *Id*.

Plaintiff stated that he contacted the Kentucky Department of Corrections and was told that no such policy exists. *Id*. Plaintiff also alleged that several other inmates with "holds" were working at CCJ and at Roederer Correctional Complex (RCC). *Id*. Plaintiff stated that when he asked the CCJ Jailer about his situation, the Jailer told him that "it's up to Captain Campbell whether he wants to work [you] or not." *Id*. at PageID #: 4-5. Plaintiff alleged that Defendant discriminated against him because he is "not local and not known," thereby adversely affecting his ability to earn "good time" and state pay. *Id*.

On initial review under 28 U.S.C. § 1915A, the Court allowed Plaintiff's Fourteenth Amendment Equal Protection claim to proceed against Defendant in his individual capacity under the "class-of-one" theory (DN 5).

## II.

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary-judgment motion. *Id*. at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

2

The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage[.]" *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). When opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion"). However, statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III.

Defendant argues that he is entitled to summary judgment on two grounds: (1) that he is entitled to qualified immunity, and (2) that Plaintiff's claim is barred by the Prison Litigation Reform Act's (PLRA) exhaustion requirement because he failed to appeal the denial of his grievances about his requests to work (DN 17).

In response (DN 19), Plaintiff argues that he was told that he could not work because of an out-of-state hold, but he was told by Lt. Brooks that Defendant had "numerous trustees working for him with out of state holds." *Id*. at PageID #: 368. He also argues that he did exhaust the "chain of command" related to his grievances about not being permitted to work because he spoke to Chief Jailer Smith and Major Burd face to face only to be told that the matter would have to be

"taken up" by Defendant Campbell because he was in charge of the work program. *Id*. Plaintiff does not attach any evidence in support of his response.

In reply (DN 21), Defendant asserts that Plaintiff failed to provide any sworn statement or documentation and that his statements about the alleged treatment of inmates who were allowed to participate in work-release with out-of-state warrants are unsupported. DN 21, PageID #: 368. He also argues that "speaking with 'Chief Jailer Smith and Major Burd face to face' is not compliance with the Jail's grievance policy. *Id*. at PageID #: 379.

The Court first considers whether Plaintiff has exhausted his administrative remedies as required by the PLRA. Because, as set forth below, the Court holds that Plaintiff did not properly exhaust the CCJ administrative grievance procedure, the Court does not consider Defendant's qualified immunity argument.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). One purpose of the exhaustion requirement is to give prison officials an opportunity to take corrective action and eliminate the need for a lawsuit. *Porter*, 534 U.S. at 525.

An inmate's case may be dismissed for failure to exhaust where it is shown that the inmate did not "properly" exhaust. *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006). To "properly" exhaust means that the inmate "'complete[d] the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance

4

process itself." *Jones v. Bock*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). In other words, "[a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997). A prisoner may not abandon the grievance process before completion and then claim that he exhausted his remedies or argue that it is now futile for him to do so. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). On a motion for summary judgment on failure to exhaust grounds, Defendant carries the initial "burden of showing that there was a generally available administrative remedy, and that the prisoner did not exhaust that remedy[.]" *Morgan v. Kentucky*, No. 3:17-CV-00474-JHM, 2018 WL 715468, at *3 (W.D. Ky. Feb. 5, 2018) (quotation marks and citation omitted).

Defendant explains that when, on March 4, 2024, Plaintiff requested to be put to work, he advised him that he was not eligible to work because he was charged in another state with being a fugitive. DN 17-1, PageID #: 57. Plaintiff then filed a grievance, albeit one filed outside the 48-hour period required by the grievance procedure. *Id*. Nonetheless, Defendant responded to the grievance, informing him that CCJ does not allow inmates with a pending charge such as his to work. *Id*. Defendant explains that Plaintiff failed to file an appeal. *Id*. Further, according to Defendant, Plaintiff continued to request to work, filing grievances when he was denied, but did not timely appeal any of the other denials to his grievances. *Id*. at PageID #: 57-58.

In support, Defendant offers his affidavit in which he avers that the Jail Policy establishes the CCJ inmate grievance procedure. DN 17-2, PageID #: 64. He further avers that Plaintiff acknowledged receipt of the Jail Policy on February 1 and July 9, 2024. *Id*. at PageID #: 67. He

continues that he denied Plaintiff's request to work on March 4, 2024, because Plaintiff was not eligible due to his "'fugitive from another state charge.'" *Id*. Defendant avers that on March 15, 2024, he responded to Plaintiff's untimely grievance about being denied the opportunity to work, informing him:

> As I have told you before, we do not work inmates with a fugitive from another state hold. To respond to you[r] allegation about there being inmates sent to RCC with out of state holds, I personally checked each inmate['s] charges that is currently at RCC. None of them have out of state holds. Your allegation is unfounded and your grievance is denied.

*Id*.

Attached to and in support of the affidavit are Plaintiff's Inmate Form dated January 31, 2024, in which Plaintiff acknowledges that he received the Jail Rules and Regulations, and a document indicating that Plaintiff acknowledged receipt of the Jail Handbook on February 1, July 1, and July 9, 2024. *Id*. at PageID #: 236-37.

Also attached to the summary-judgment motion is the Jail Policy and Procedure, Part XII-600 of which sets forth the Inmate Grievance Procedure as follows:

**PROCEDURE**:

1. <u>Grievance Officer</u>: The Jailer shall appoint a Grievance Officer(s) who shall be responsible for the collection and investigation of all grievances. The grievance officers shall be responsible for the initial response to a prisoner who has filed a grievance.

2. <u>Transmittal</u>: A grievance shall be made in the form of a written statement by the inmate within 48 hours following the incident or condition giving rise to the incident. Such statement shall be transmitted promptly to the Grievance Officer(s) without an interference.

. . .

6. <u>Response</u>: Any inmate who submits a grievance will receive a response in 10 working days (excluding weekends and holidays) following the investigation of the grievance, to include findings and actions taken by the Grievance Officer.

6

7. <u>Appeal</u>: If not satisfied with the disposition of the grievance, the inmate may appeal the decision to the Jailer or the Jailers designee. This appeal must occur within 48 hours of receipt by the prisoner of the initial response.

8. <u>Response</u>: The jailer or his designee will respond to the appeal within ten (10) days.

*Id*. at PageID #: 206-07.

On the Court's review of the documents attached to Defendant's affidavit, the Court finds that after Defendant's response to Plaintiff's grievance of the denial of his request to work dated March 7, 2024, stating that "we do not work inmates with a fugitive from another state hold," Plaintiff closed the grievance without appealing it. *Id*. at PageID #: 252.

Other grievances filed by Plaintiff attached to Defendant's affidavit demonstrate that Plaintiff knew how to appeal the denial of a grievance and did so on three occasions. On April 1, 2024, Plaintiff appealed to Davy Burd regarding a matter having to do with filling out a financial form. *Id*. at PageID #: 256 (entry after his grievance was responded to, stating, "Assigned to Grievance Appeal by [Plaintiff]."). Plaintiff also appealed denied grievances on April 12, 2024, and June 17, 2024. *Id*. at PageID #: 262 (grievance regarding having bitten into a rock in his meal); *Id*. at PageID #: 265, 271 (grievance regarding a medical staff issue). Thus, the record reflects that Plaintiff did not appeal any grievances about being denied the opportunity to work, although he was made aware of the CCJ grievance appeal procedure and knew how to use it.

Plaintiff's assertion that he was told by the Chief Jailer and Major Burd that the matter of work opportunities had to be taken up with Defendant Campbell is supported by his verified complaint's statement that when he contacted the Jailer about Defendant's alleged discrimination, his answer was that it is up to Defendant Campbell "whether he wants to work me or not." DN 1, PageID #: 4-5. Plaintiff offers no other support for his implicit contention that appealing the denied

grievances related to work would be futile.  However, even if Plaintiff subjectively believed in the futility of such appeals, his belief did not excuse the exhaustion requirement.  *See, e.g.*, *Napier v. Laurel Cnty.*, 636 F.3d 218, 222 (6th Cir. 2011) ("To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and even where [the prisoners] believe the procedure to be ineffectual or futile[.]") (internal citations and quotation marks omitted); *Moore v. Washington*, 729 F. Supp. 3d 732, 744 (E.D. Mich. 2024) "[E]ven if Plaintiffs . . . believed appealing their grievances to Step III or waiting to receive the Step III decision was futile, the requirement to exhaust was not excused.").

The Court notes that after Plaintiff filed his response, and shortly before the discovery deadline in this case, Defendant filed his certification of discovery (DN 20) stating that he had provided all relevant records and documentation.  Under Rule 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the [summary-judgment] motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The Court's order for Plaintiff to file a response instructed Plaintiff that Defendant filed his summary-judgment motion prior to completion of the discovery period and that he could, if necessary, file an affidavit or declaration pursuant to Rule 56(d) informing the Court of the need for discovery prior to a decision on the motion (DN 18).  Plaintiff did not do so, and the Court finds that there is no impediment to deciding the summary-judgment motion on the record before it.  Although Plaintiff's response suggests that "subpoenaed testimony" and the records of another inmate will show that other inmates with out-of-state holds were allowed to work, nothing suggests

that Plaintiff required additional discovery to "present facts essential to justify [his] opposition" to Defendant's defense that he failed to exhaust his administrative remedies.  The Court, therefore, finds no reason to defer its ruling on the summary-judgment motion.

Here, Defendant has carried his burden to show that there was a "generally available administrative remedy," and that Plaintiff did not exhaust it.  *Morgan*, 2018 WL 715468, at *3. Plaintiff has not shown that he exhausted available administrative remedies because he does not show that he appealed the denial "to the highest possible administrative level."  *Wright*, 111 F.3d at 417 n.3.  Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (DN 17) is **GRANTED**.

By separate Order, the Court will dismiss the instant action.

Date:  February 11, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of record
4414.009

9